ORIGINAL COPY

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
JAN 1 4 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

DANIEL EDWARDS, SR., AND
FELICIA EDWARDS,
AS NEXT FRIEND OF DANIEL
EDWARDS, JR.

        Plaintiffs,

        v.

GREENHILL SCHOOL,

        Defendant.

CIVIL ACTION NO. _____

**3-09CV0085-N**

28012

**DEFENDANT GREENHILL SCHOOL'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, 1443, and 1446, and in accordance with 28 U.S.C.

§ 1331, Defendant Greenhill School, by its attorneys, hereby removes to the United States

District Court for the Northern District of Texas, Dallas Division, the state court action described

below. Removal is based on the following grounds:

    1.    On December 12, 2008, Daniel Edwards, Sr. and Felicia Edwards, as next friend

of Daniel Edwards, Jr., commenced an action via an Original Petition ("Petition") in the 160th

District Court of the State of Texas in and for the County of Dallas, against Greenhill School,

bearing No. 08-15524, and captioned *Daniel Edwards, Sr. and Felicia Edwards, as next friend of*

*Daniel Edwards, Jr., v. Greenhill School* (the "State Court Action").

    2.    Greenhill School received a copy of the Petition on December 16, 2008. This

Notice of Removal is filed within thirty (30) days after receipt by Greenhill School of the

Petition as required by 28 U.S.C. § 1446(b).

    3.    This is a civil action over which this Court has original jurisdiction under 28

U.S.C. § 1331, and is one which may be removed to this Court by Defendant under 28 U.S.C. §

**Defendant Greenhill School's Notice of Removal – Page 1**

1441(b) and (c) and 28 U.S.C. § 1443, because the Petition contains a claim founded on or right arising under the United States Constitution and laws of the United States and involving a law providing for equal rights.

   4. Plaintiffs' Petition states, in relevant part, that "Defendant discriminated against Plaintiff in connection with his education or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of the equal opportunity to learn or adversely affect his status because of Plaintiff's race, color, and national origin," and that "Defendant discriminated against Plaintiff on the basis of race, color and national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff." Petition ¶ 12, 13.

   5. 28 U.S.C. § 1331 provides original jurisdiction in the district courts of the United States for "all civil actions arising under the Constitution, laws, or treatise of the United States." 28 U.S.C. § 1331. The rights Plaintiffs attempt to invoke and enforce in their Petition – the right to equal protection of the laws and "federal-protected rights" – are rights created and guaranteed by the Fourteenth Amendment to the United States Constitution and federal statutes. Thus, because Plaintiffs' Petition is expressly and necessarily based on rights granted and guaranteed by the United States Constitution and federal statutes, jurisdiction is proper in this Court.

   6. 28 U.S.C. § 1441(b) permits removal to federal district court of actions involving a federal question. Joinder of otherwise non-removable state law claims does not prohibit removal of the entire case to federal district court to determine all issues. 28 U.S.C. § 1441(c). Therefore, Plaintiffs' allegations of race-based discrimination and violation of federally protected rights present federal questions, and Plaintiffs' joinder of state law claims does not impede removal.

7.    28 U.S.C. § 1443 permits removal of civil actions "for any act under color of authority derived from any law providing for equal rights".  Plaintiffs allege deprivation of "equal opportunity" to learn.  Thus, the Petition asserts a cause of action arising out of a law providing for equal rights and is therefore subject to removal.

8.    True and correct copies of all process and pleadings served on Greenhill School are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).  Pursuant to Local Rule 81.1 of this Court, Exhibit B contains an index of all documents filed in the State Court Action, a copy of the docket sheet in the State Court Action, and a chronological, separately tabbed copy of each document filed in the State Court Action.  A separately signed certificate of interested persons in compliance with Local Rule 3.1(f) is attached hereto as Exhibit C.

9.    A copy of the Notice of Filing for Removal is attached hereto as Exhibit D. Promptly after filing this Notice with the United States District Clerk, Greenhill School will file a copy of the attached Exhibit D with the 160th District Court of the State of Texas in and for the County of Dallas, and will serve that notice on Plaintiffs as required under 28 U.S.C. § 1446(d).

WHEREFORE, Greenhill School removes the State Court Action now pending in the 160th District Court in and for the County of Dallas from that state court to this Court.

DATE:  January 14, 2009

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: _____
    Robert B. Krakow
    State Bar No. 11702000
    Rkrakow@gibsondunn.com
    2100 McKinney Avenue, Suite 1100
    Dallas, Texas 75201
    Telephone: (214) 698-3100
    Facsimile: (214) 571-2900
    **ATTORNEYS FOR DEFENDANT**
    **GREENHILL SCHOOL**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by Certified Mail,

Return Receipt Requested, on this 14th day of January, 2009, as follows:

Ray Jackson
Jackson Law Center
2989 N. Stemmons Freeway
Dallas, TX 75247
Telephone: (214) 651-6250
Facsimile: (214) 651-6244
ATTORNEY FOR PLAINTIFFS,
Daniel Edwards, Sr., and Felicia Edwards,
as Next Friend of Daniel Edwards, Jr.

_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL EDWARDS, SR., AND
FELICIA EDWARDS,
AS NEXT FRIEND OF DANIEL
EDWARDS, JR.

        Plaintiffs,

    v.

GREENHILL SCHOOL,

        Defendant.

CIVIL ACTION NO. _____

## INDEX OF EXHIBITS TO DEFENDANT GREENHILL SCHOOL'S NOTICE OF REMOVAL

A.    **Plaintiffs' Original Petition** – file stamped December 12, 2008

B.    **Documents Required by Local Rule 81.1**

    1.    **Docket Sheet** (certified copy) regarding Cause No. DC-08-15524 pending in the 160th Judicial District Court of Dallas County, Texas

    2.    **Documents Filed** in Cause No. DC-08-15524 pending in the 160th Judicial District Court of Dallas County, Texas

C.    **Certificate of Interested Persons**

D.    **State Court** Notice of Filing for Removal

**Exhibit A**



NO. 08·15524

| | | |
|---|---|---|
| DANIEL EDWARDS, SR., AND | § | IN THE DISTRICT COURT |
| FELICIA EDWARDS, AS | § | |
| AS NEXT FRIEND OF DANIEL | § | |
| EDWARDS, JR. | § | |
| | § | |
| Plaintiffs, | § | H-160th |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GREENHILL SCHOOL | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Daniel Edwards, Sr. and Felicia Edwards, as Next Friend of Daniel Edwards,

Jr., hereinafter called Plaintiffs, complaining of and about Greenhill School, hereinafter called

Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, Daniel Edwards, Sr., an Individual whose address is 4945 Berridge Lane

Dallas, Texas 75227, brings this action as Next Friend of Daniel Edwards, Jr., an Individual.

3.     The last three digits of the driver's license number of Daniel Edwards are 573.  The

last three digits of the social security number for Daniel Edwards are 5966.

4.     Plaintiff, Felicia Edwards, an Individual whose address is 4945 Berridge Lane Dallas,

Texas 75227, brings this action as Next Friend of Daniel Edwards, Jr., an Individual.

5.     The last three digits of the driver's license number of Felicia Edwards are 219.  The

last three digits of the social security number for Felicia Edwards are 485.

6.    As used herein, "Plaintiff" shall include not only named Plaintiffs, but also persons whose claims are being represented by a Plaintiff.

7.    Defendant Greenhill School, a Non-Profit School, may be served with process by *l cut* serving The Registered Agent of said Private School, Scott Griggs, at 4141 Spring Valley Road, *atty* Addison, Texas 75001-3683.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

8.    The subject matter in controversy is within the jurisdictional limits of this court.

9.    This court has jurisdiction over the parties because Defendant is a Texas Non-Profit School.

10.    Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11.    During the course of Daniel Edwards, Jr.'s ("D.J.") enrollment at Greenhill School he suffered continuous and systematic discrimination from faculty and staff because of his race. Throughout his time at Defendant school, it continued to approve this behavior by acquiescing and keeping the faculty and staff involved in the discrimination employed. DJ was made to endure being locked in the bathroom by his teacher as well as being told that he was not allowed to raise his hand and ask any questions in the classroom.  Even more egregious, DJ's teachers lied on him to his parents that he said the word "Bitch." However, after an investigation, it was determined that it was

DJ's teachers who called Ms. Edwards, DJ's mom, a "Bitch." In addition, during the course of the fall semester, DJ was assaulted on separate occasions by two different Greenhill school teachers, Mrs. Dawne Hathaway and Ms. Carla Kinney. The first assault took place at the Collin County History Museum. On this field trip Ms. Hathaway grabbed DJ several times without cause. The severity of the grabbing was so egregious that a parent who was present felt compelled to provide an affidavit concerning the incident to local law enforcement. On another incident DJ raised his hand and Ms. Kinney, the Second Grade Teaching Fellow, went over to DJ and began saying that she didn't care what he wanted and told him again that she didn't care what he wanted. Later DJ asked to go to the bathroom and when he returned to the classroom, Ms. Kinney grabbed DJ's shirt by the throat area and drug him behind the cubby area in the class. There, she told him he was not allowed to ask anymore questions in the class. In another incident, Ms. Kinney assaulted DJ by grabbing him around his genitalia and began squeezing. DJ pleaded with her to stop grabbing him in that manner, but she continued and all the while she was admonishing and berating him. Defendant failed to act even after being made aware of what happened to DJ. In violation of Texas Law, Defendant failed to abide by its fiduciary duty to report to local police any claims of child abuse and possible sexual child abuse. Defendant not only failed to report this incident, it failed to even initiate any investigation into the possible criminal violations which occurred on its campus.

## DANIEL EDWARDS, JR.'S CLAIM FOR DISCRIMINATION

12.    Plaintiff incorporates paragraphs 1 through 11 as if recited verbatim herein.

Defendant discriminated against Plaintiff in connection with his education or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of the equal opportunity to learn or adversely affect his status because of Plaintiff's race, color and national origin. Routinely,

DJ was not allowed to ask questions in class and if he did he was threatened, assaulted and even locked in the bathroom.

13.    Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of race, color and national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## DANIEL EDWARDS, JR.'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14.    Plaintiff incorporates paragraphs 1 through 13 as if recited verbatim herein. Defendant intentionally or recklessly began systematically discriminating against DJ.  In front of the other students, he was not allowed to raise his hand or to ask any questions.  If other students indicated that DJ did anything he would be punished first and then after investigation, the teachers would always learn that the other students were lying on him.  The other students did this because they knew they could get away with it based on what they had seen the teachers do to DJ, i.e., locking DJ in the bathroom and not allowing him to come out and assaulting him.  Defendant knew that such behavior would subject Plaintiff to severe emotional distress because the defendant was just a child and would often show the signs of being mistreated.

15.    The Defendant's conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized community. In particular, the conduct was outrageous because defendant knew and publicized in its mission the importance of fostering passion for learning and respect for others. As a school that had been existence for over 50 years and having recently experience a child committing suicide on its campus, the fragile nature of a child's psyche should be protected especially by those who are entrusted to do so.

16.     The defendant's conduct proximately caused plaintiff damage in that it caused Plaintiff to suffer severe emotional distress. In particular, the defendant's conduct was the direct and proximate cause of severe mental pain and anguish as DJ began to have a lack of self worth and low self esteem. Believing that he could not be involved in the class or he may be assaulted or locked in the bathroom started to have an intense effect on him. In addition, DJ continues to suffer from extreme anxiety and nervousness caused by the treatment he received from Defendant. In addition, DJ is often unable to sleep at night and constantly recalls what happened to him. Plaintiffs have looked into seeking the services of a psychotherapist or counselor to assist DJ in dealing with his mental anguish.

17.     In addition to severe emotional distress, DJ has suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, plaintiff will continue to suffer this mental pain and anguish for a long time into the future.

## EXEMPLARY DAMAGES

18.     The conduct of defendant described in this petition was grossly negligent so as to entitle plaintiff to recover exemplary damages. In this connection, plaintiff will show that as a result of defendant's conduct, Plaintiff has suffered losses of time and other expenses, including attorney's fees incurred in the investigation and prosecution of this action. Accordingly, Plaintiff asks that exemplary damages be awarded against the defendants in a sum within the jurisdictional limits of the Court.

## DANIEL EDWARDS, JR.'S CLAIM FOR ASSAULT AND BATTERY

19.     Plaintiff incorporates paragraphs 1 through 18 as if recited verbatim herein.

DJ was criminally assaulted on more than one occasion while at Defendant's school by its faculty

and staff.   Although made completely aware, Defendant failed to report this possible criminal

occurrence or even simply investigate it at all.   Moreover, Defendant maintained status quo and

made DJ continue to go to school every day and be in a classroom with his assaulters.   Defendant

intentionally and knowingly caused bodily injury to DJ by striking him and grabbing him in his

genital area. Ms. Hathaway who is/was an employee of Defendant was acting within her scope of

employment when she took the students on a field trip and assaulted DJ.  Ms. Kinney was also an

employee of Defendant and was acting within the course and scope of her employment when she

assaulted DJ.

20.     As a direct and proximate result of Defendant's conduct as alleged in this petition,

Plaintiff sustained bodily injuries requiring attention.

21.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered

physical pain and mental anguish to his damage in an amount within the jurisdictional limits of

this Court.

## CLAIM FOR NEGLIGENCE, NEGLIGENT HIRING, RETENTION AND SUPERVISION

22.     Plaintiff incorporates by reference paragraphs 1- 21 set forth above.

23.     Both Federal and State law imposes upon employers, a duty to hire, supervise, train

and retain competent employees.   Defendant was aware that at least 4 of its employs had either

---

assaulted DJ and or systematically discriminated against him in violation of state law and federal law.

24.     Despite this fact Defendant totally and consciously disregarded these past behaviors and allowed these employees to remain employed and as a result DJ was subjected to continued assaults and discrimination until finally, DJ's parents were left with no choice but to remove him from the school.

25.     Defendant owed a legal duty to Plaintiff to hire, supervise, train, or retain competent employees and/or in the alternative independent contractors. Defendant, with specific knowledge of the threat of danger posed by these conditions continued their employment and thereby failing to meet that duty.

26.     Defendant failed to use ordinary care in retaining the employees. In fact, Defendant knew or should have known that their continued employment would create an unreasonable risk of harm to Plaintiff.

27.     As a result of Defendant's breach of its duty to properly hire, train, and supervise its employees and/or in the alternative independent contractors, Plaintiff was caused to suffer severe emotional damage and bodily injuries.

## DAMAGES FOR INJURED PARTY, DANIEL EDWARDS, JR.

28.     As a direct and proximate result of the occurrence made the basis of this lawsuit, the subject of this lawsuit, Daniel Edwards, Jr., was caused to suffer severe damages, and to incur the following damages:

A.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

B.   Physical pain and suffering in the past;

C.   Mental anguish in the past,

D.   Mental anguish in the future; and

E.   Exemplary Damages.


## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Daniel Edwards, Sr., as Next Friend of Daniel Edwards, Jr. and Felicia Edwards, as Next Friend of Daniel Edwards, Jr., respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.


Respectfully submitted,

The Jackson Law Firm



By: _____
Ray Jackson
Texas Bar No. 00797754
Jackson Law Center

2989 N. Stemmons Freeway
Dallas, Texas  75247
Tel. (214) 651-6250
Fax. (214) 651-6244
Attorney for Plaintiffs
Daniel Edwards, Sr., and Felicia Edwards, as Next
Friend of Daniel Edwards, Jr.


## PLAINTIFFS HEREBY DEMAND TRIAL BY JURY

# RETURN OF SERVICE AFFIDAVIT
## CAUSE #DC-08-15524

## STATE OF TEXAS

## COUNTY OF DALLAS

I, Gregory D. Harper make the following representations to the District Court of Dallas County I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

1.  I am not less than 18 years of age.
2.  I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case
3.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4.  I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE __15__ DAY OF __DECEMBER__ A.D. 20 __08__ , AT __1:00__ O'CLOCK __P.__M. AND EXECUTED BY DELIVERING TO

## GREENHILL SCHOOL REG AGENT SCOTT GRIGGS 4141 VALLEY ROAD ADDISON, TEXAS 75001.

ON THE __16__ DAY OF __DECEMBER__ A.D. 20__08__ , AT __10:30__ O'CLOCK __A__ M., THE WITHIN NAMED DEFENDANT, IN PERSON, A TRUE COPY OF THIS CITATION, TOGETHER WITH A COPY OF ORIGINAL PETITION AND 106 ORDER PER RULE 106 ORDER WITH DATE OF SERVICE MARKED THEREON.

| | | |
|---|---|---|
| SERVING | $ | 70.00 |
| MILEAGE | $ | |
| NOTARY | $ | |
| TOTAL | $ | 70.00 |



By _____ Authorized Person
Gregory D. Harper
Texas Supreme Court ID#: 576

BEFORE ME, the undersigned Notary Public on this day personally appeared Gregory D. Harper known to be the Person whose name is signed to the above affidavit and sworn to me that the representations contained in the above affidavit are true and correct.

Given under my hand and seal of office this __17__ day of __DECEMBER__ , 2008.

_Tina Marie Benford_
Notary Public in and for the State of Texas

TINA MARIE BENFORD
Notary Public, State of Texas
My Commission Expires
July 31, 2011

# FORM NO. 353-3 - CITATION

## THE STATE OF TEXAS

To:
GREENHILL SCHOOL
BY SERVING ITS REGISTERED AGENT SCOTT GRIGGS
4141 VALLEY ROAD
ADDISON TX 75001-3683

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 160th District Court at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiffs being **DANIEL EDWARDS, Sr. AND FELICIA EDWARDS, AS NEXT FRIEND OF DANIEL EDWARDS JR.**

Filed in said Court **on this the 12th day of December, 2008** against

**GREENHILL SCHOOL**

For suit, said suit being numbered **DC-08-15524**, the nature of which demand is as follows:

Suit On OTHER (CIVIL), etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **15th day of December, 2008**

ATTEST: GARY FITZSIMMONS,
Clerk of the District Courts of Dallas, County Texas.

By _____ Deputy

---

ATTY

## CITATION

No.: **DC-08-15524**

**DANIEL EDWARDS, Sr., ETAL**
vs.
**GREENHILL SCHOOL**

ISSUED
on this the
15th day of December, 2008

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **RITA RODGERS**, Deputy

Attorney for Plaintiffs
RAY JACKSON
2989 N STEMMONS FREEWAY
DALLAS TX 75247
214-651-6250

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 ____ at _____ o'clock ____ .M. Executed

at _____.M. on the _____ day of _____, 20 ____ by delivering to the within

named _____

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $ _____

For mileage $ _____ of _____ County,

For Notary $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

**Exhibit B**



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL EDWARDS, SR., AND
FELICIA EDWARDS,
AS NEXT FRIEND OF DANIEL
EDWARDS, JR.

           Plaintiffs,

    v.

GREENHILL SCHOOL,

           Defendant.

CIVIL ACTION NO. _____

**INDEX OF DOCUMENTS IN EXHIBIT B**
**(DOCUMENTS REQUIRED BY LOCAL RULE 81.1)**

1.     **Docket Sheet** (certified copy) regarding Cause No. DC-08-15524 pending in the 160th Judicial District Court of Dallas County, Texas

2.     **Documents Filed** in Cause No. DC-08-15524 pending in the 160th Judicial District Court of Dallas County, Texas

    a.   **Citation and Officer's Return Certifying Service** issued December 15, 2008, served December 16 2008

    b.   **Plaintiffs' Original Petition** file stamped December 12, 2008



**Exhibit B. 1**

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-08-15524

| | | |
|---|---|---|
| DANIEL EDWARDS, Sr., et al<br>vs.<br>GREENHILL SCHOOL | §<br>§<br>§<br>§ | Location: **160th District Court**<br>Judicial Officer: **JORDAN, JIM**<br>Filed on: **12/12/2008** |

---

### CASE INFORMATION

Case Type: **OTHER (CIVIL)**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | EDWARDS, DANIEL, Sr. | **JACKSON, RAY**  214-651-6250<br>*Retained* |
| | **FELICIA EDWARDS AS NEST FRIED OF DANIEL EDWARDS JR** | |
| **DEFENDANT** | **GREENHILL SCHOOL** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/12/2008 | ORIGINAL PETITION (OCA) | |
| 12/12/2008 | ISSUE CITATION | |
| 12/15/2008 | **CITATION**<br>GREENHILL SCHOOL                served   12/16/2008 | |

---

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PLAINTIFF**  EDWARDS, DANIEL, Sr.<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  1/6/2009** | | 230.00<br>230.00<br>**0.00** |
| 12/12/2008 | Charge | PLAINTIFF EDWARDS, DANIEL, Sr. | 222.00 |
| 12/12/2008 | Charge | PLAINTIFF EDWARDS, DANIEL, Sr. | 8.00 |
| 12/12/2008 | PAYMENT (CASE FEES) | Receipt # 80136-2008-DCLK | PLAINTIFF EDWARDS, DANIEL, Sr. | (230.00) |
| 12/15/2008 | Void | PLAINTIFF EDWARDS, DANIEL, Sr. | 230.00 |
| 12/24/2008 | PAYMENT (CASE FEES) | Receipt # 82696-2008-DCLK | PLAINTIFF EDWARDS, DANIEL, Sr. | (230.00) |

*Printed on 01/06/2009 at 2:13 PM*

# DC-08-15524

_____ JUDICIAL DISTRICT
COURT OF DALLAS COUNTY, TEXAS

| DC – 08 – 15524 | |
|---|---|
| **Filed: 12/12/2008** | |
| OTHER (CIVIL) | 160th District Court |
| DANIEL EDWARDS, Sr. vs. GREENHILL SCHOOL | |
| Plaintiff<br>EDWARDS, DANIEL, Sr. | Lead Attorney<br>JACKSON, RAY |
| Defendant<br>GREENHILL SCHOOL | Lead Attorney |

FILE DATE 12/12/08 _____   COST DEPOSIT $ 230.- _____   JURY _____

BOND APPROVAL _____   DATE _____   INITIAL PROCESS ISSUED 1 atty

CONSOLIDATED WITH _____ TRANSFERRED FROM _____

SEVERED FROM _____ DATE _____

| DATE FILED | PLEADINGS/ORDERS/PROCESS ISSUED | BOOK/PAGE |
|---|---|---|
| 12/5/08 | Cit atty | |
| 12-17-08 | ReT Cit - Greenhill School 12/16 | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**THESE ARE DISTRICT COURT PAPERS AND MUST NOT BE REMOVED**

# MEMORANDUM OF PAPERS FILED CONTINUED

E

**a**
**(Exhibit B.2.a)**

# RETURN OF SERVICE AFFIDAVIT
## CAUSE #DC-08-15524

## STATE OF TEXAS

## COUNTY OF DALLAS

I, Gregory D. Harper make the following representations to the District Court of Dallas County. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

1.   I am not less than 18 years of age.
2.   I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case
3.   I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4.   I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Civil Statutes, Civil Remedies Code and all other applicable rules and statutes relating to the service of citations and notices.

CAME TO HAND ON THE __15__ DAY OF __DECEMBER__ A.D. 20 _08_ , AT __1:00__ O'CLOCK _P_.M. AND EXECUTED BY DELIVERING TO

## GREENHILL SCHOOL REG AGENT SCOTT GRIGGS 4141 VALLEY ROAD ADDISON, TEXAS 75001.

ON THE _16_ DAY OF __DECEMBER__ A.D. 20_08_ , AT _10:30_ O'CLOCK _A_ M., THE WITHIN NAMED DEFENDANT, IN PERSON, A TRUE COPY OF THIS CITATION, TOGETHER WITH A COPY OF ORIGINAL PETITION AND 106 ORDER PER RULE 106 ORDER WITH DATE OF SERVICE MARKED THEREON.

| | | |
|---|---|---|
| SERVING | $ | 70.00 |
| MILEAGE | $ | |
| NOTARY | $ | |
| TOTAL | $ | 70.00 |

By _____
Gregory D. Harper      Authorized Person
Texas Supreme Court ID#: 576

BEFORE ME, the undersigned Notary Public on this day personally appeared Gregory D. Harper known to be the Person whose name is signed to the above affidavit and sworn to me that the representations contained in the above affidavit are true and correct.

Given under my hand and seal of office this __17__ day of __DECEMBER__ , 2008.

_Tina Marie Benford_
Notary Public in and for the State of Texas

TINA MARIE BENFORD
Notary Public, State of Texas
My Commission Expires
July 31, 2011

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

CITATION

No.: DC-08-15524

To:
GREENHILL SCHOOL
BY SERVING ITS REGISTERED AGENT SCOTT GRIGGS
4141 VALLEY ROAD
ADDISON TX 75001-3683

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 160th District Court at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiffs being DANIEL EDWARDS, Sr. AND FELICIA EDWARDS, AS NEXT FRIEND OF DANIEL EDWARDS JR.

Filed in said Court **on this the 12th day of December, 2008** against

GREENHILL SCHOOL

For suit, said suit being numbered **DC-08-15524**, the nature of which demand is as follows:
Suit On OTHER (CIVIL) etc. as shown on said petition          , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **15th day of December, 2008**

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County Texas

By
_(signature)_
_Deputy_

_(seal: DISTRICT COURT DALLAS COUNTY, TEXAS — RITA RODGERS)_

ATTY

DANIEL EDWARDS, Sr., ETAL
vs.
GREENHILL SCHOOL

ISSUED
on this the
15th day of December, 2008

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By RITA RODGERS, Deputy

Attorney for Plaintiffs
RAY JACKSON
2989 N STEMMONS FREEWAY
DALLAS TX 75247
214-651-6250

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20 _____ at _____ o'clock _____.M. Executed

at _____.M. on the _____ day of _____, 20 _____ by delivering to the within

named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $ _____ | of _____ County, _____ |
| For mileage | $ _____ | By _____ Deputy |
| For Notary | $ _____ | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

**b**
**(Exhibit B.2b)**



NO. 08-15524

| | | |
|---|---|---|
| DANIEL EDWARDS, SR., AND | § | IN THE DISTRICT COURT |
| FELICIA EDWARDS, AS | § | |
| AS NEXT FRIEND OF DANIEL | § | |
| EDWARDS, JR. | § | |
| | § | |
| Plaintiffs, | § | H-160th |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GREENHILL SCHOOL | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Daniel Edwards, Sr. and Felicia Edwards, as Next Friend of Daniel Edwards,

Jr., hereinafter called Plaintiffs, complaining of and about Greenhill School, hereinafter called

Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, Daniel Edwards, Sr., an Individual whose address is 4945 Berridge Lane

Dallas, Texas 75227, brings this action as Next Friend of Daniel Edwards, Jr., an Individual.

3.     The last three digits of the driver's license number of Daniel Edwards are 573. The

last three digits of the social security number for Daniel Edwards are 5966.

4.     Plaintiff, Felicia Edwards, an Individual whose address is 4945 Berridge Lane Dallas,

Texas 75227, brings this action as Next Friend of Daniel Edwards, Jr., an Individual.

5.     The last three digits of the driver's license number of Felicia Edwards are 219. The

---

Plaintiff's Original Petition                                    Page 1 of 9

last three digits of the social security number for Felicia Edwards are 485.

6.     As used herein, "Plaintiff" shall include not only named Plaintiffs, but also persons whose claims are being represented by a Plaintiff.

7.     Defendant Greenhill School, a Non-Profit School, may be served with process by *1 Cut* serving The Registered Agent of said Private School, Scott Griggs, at 4141 Spring Valley Road, *Atty* Addison, Texas 75001-3683.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

8.     The subject matter in controversy is within the jurisdictional limits of this court.

9.     This court has jurisdiction over the parties because Defendant is a Texas Non-Profit School.

10.     Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11.     During the course of Daniel Edwards, Jr.'s ("D.J.") enrollment at Greenhill School he suffered continuous and systematic discrimination from faculty and staff because of his race. Throughout his time at Defendant school, it continued to approve this behavior by acquiescing and keeping the faculty and staff involved in the discrimination employed. DJ was made to endure being locked in the bathroom by his teacher as well as being told that he was not allowed to raise his hand and ask any questions in the classroom.  Even more egregious, DJ's teachers lied on him to his parents that he said the word "Bitch." However, after an investigation, it was determined that it was

---

DJ's teachers who called Ms. Edwards, DJ's mom, a "Bitch." In addition, during the course of the fall semester, DJ was assaulted on separate occasions by two different Greenhill school teachers, Mrs. Dawne Hathaway and Ms. Carla Kinney. The first assault took place at the Collin County History Museum. On this field trip Ms. Hathaway grabbed DJ several times without cause. The severity of the grabbing was so egregious that a parent who was present felt compelled to provide an affidavit concerning the incident to local law enforcement. On another incident DJ raised his hand and Ms. Kinney, the Second Grade Teaching Fellow, went over to DJ and began saying that she didn't care what he wanted and told him again that she didn't care what he wanted. Later DJ asked to go to the bathroom and when he returned to the classroom, Ms. Kinney grabbed DJ's shirt by the throat area and drug him behind the cubby area in the class. There, she told him he was not allowed to ask anymore questions in the class. In another incident, Ms. Kinney assaulted DJ by grabbing him around his genitalia and began squeezing. DJ pleaded with her to stop grabbing him in that manner, but she continued and all the while she was admonishing and berating him. Defendant failed to act even after being made aware of what happened to DJ. In violation of Texas Law, Defendant failed to abide by its fiduciary duty to report to local police any claims of child abuse and possible sexual child abuse. Defendant not only failed to report this incident, it failed to even initiate any investigation into the possible criminal violations which occurred on its campus.

## DANIEL EDWARDS, JR.'S CLAIM FOR DISCRIMINATION

12.     Plaintiff incorporates paragraphs 1 through 11 as if recited verbatim herein. Defendant discriminated against Plaintiff in connection with his education or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of the equal opportunity to learn or adversely affect his status because of Plaintiff's race, color and national origin. Routinely,

DJ was not allowed to ask questions in class and if he did he was threatened, assaulted and even locked in the bathroom.

13.     Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of race, color and national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## DANIEL EDWARDS, JR.'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14.     Plaintiff incorporates paragraphs 1 through 13 as if recited verbatim herein. Defendant intentionally or recklessly began systematically discriminating against DJ. In front of the other students, he was not allowed to raise his hand or to ask any questions. If other students indicated that DJ did anything he would be punished first and then after investigation, the teachers would always learn that the other students were lying on him. The other students did this because they knew they could get away with it based on what they had seen the teachers do to DJ, i.e., locking DJ in the bathroom and not allowing him to come out and assaulting him. Defendant knew that such behavior would subject Plaintiff to severe emotional distress because the defendant was just a child and would often show the signs of being mistreated.

15.     The Defendant's conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized community. In particular, the conduct was outrageous because defendant knew and publicized in its mission the importance of fostering passion for learning and respect for others. As a school that had been existence for over 50 years and having recently experience a child committing suicide on its campus, the fragile nature of a child's psyche should be protected especially by those who are entrusted to do so.

16.    The defendant's conduct proximately caused plaintiff damage in that it caused Plaintiff to suffer severe emotional distress. In particular, the defendant's conduct was the direct and proximate cause of severe mental pain and anguish as DJ began to have a lack of self worth and low self esteem. Believing that he could not be involved in the class or he may be assaulted or locked in the bathroom started to have an intense effect on him. In addition, DJ continues to suffer from extreme anxiety and nervousness caused by the treatment he received from Defendant. In addition, DJ is often unable to sleep at night and constantly recalls what happened to him. Plaintiffs have looked into seeking the services of a psychotherapist or counselor to assist DJ in dealing with his mental anguish.

17.    In addition to severe emotional distress, DJ has suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, plaintiff will continue to suffer this mental pain and anguish for a long time into the future.

## EXEMPLARY DAMAGES

18.    The conduct of defendant described in this petition was grossly negligent so as to entitle plaintiff to recover exemplary damages. In this connection, plaintiff will show that as a result of defendant's conduct, Plaintiff has suffered losses of time and other expenses, including attorney's fees incurred in the investigation and prosecution of this action. Accordingly, Plaintiff asks that exemplary damages be awarded against the defendants in a sum within the jurisdictional limits of the Court.

## DANIEL EDWARDS, JR.'S CLAIM FOR ASSAULT AND BATTERY

19.     Plaintiff incorporates paragraphs 1 through 18 as if recited verbatim herein.

DJ was criminally assaulted on more than one occasion while at Defendant's school by its faculty and staff. Although made completely aware, Defendant failed to report this possible criminal occurrence or even simply investigate it at all. Moreover, Defendant maintained status quo and made DJ continue to go to school every day and be in a classroom with his assaulters. Defendant intentionally and knowingly caused bodily injury to DJ by striking him and grabbing him in his genital area. Ms. Hathaway who is/was an employee of Defendant was acting within her scope of employment when she took the students on a field trip and assaulted DJ. Ms. Kinney was also an employee of Defendant and was acting within the course and scope of her employment when she assaulted DJ.

20.     As a direct and proximate result of Defendant's conduct as alleged in this petition, Plaintiff sustained bodily injuries requiring attention.

21.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered physical pain and mental anguish to his damage in an amount within the jurisdictional limits of this Court.

## CLAIM FOR NEGLIGENCE, NEGLIGENT HIRING, RETENTION AND SUPERVISION

22.     Plaintiff incorporates by reference paragraphs 1- 21 set forth above.

23.     Both Federal and State law imposes upon employers, a duty to hire, supervise, train and retain competent employees. Defendant was aware that at least 4 of its employs had either

assaulted DJ and or systematically discriminated against him in violation of state law and federal law.

24.    Despite this fact Defendant totally and consciously disregarded these past behaviors and allowed these employees to remain employed and as a result DJ was subjected to continued assaults and discrimination until finally, DJ's parents were left with no choice but to remove him from the school.

25.    Defendant owed a legal duty to Plaintiff to hire, supervise, train, or retain competent employees and/or in the alternative independent contractors. Defendant, with specific knowledge of the threat of danger posed by these conditions continued their employment and thereby failing to meet that duty.

26.    Defendant failed to use ordinary care in retaining the employees. In fact, Defendant knew or should have known that their continued employment would create an unreasonable risk of harm to Plaintiff.

27.    As a result of Defendant's breach of its duty to properly hire, train, and supervise its employees and/or in the alternative independent contractors, Plaintiff was caused to suffer severe emotional damage and bodily injuries.


## DAMAGES FOR INJURED PARTY, DANIEL EDWARDS, JR.

28.    As a direct and proximate result of the occurrence made the basis of this lawsuit, the subject of this lawsuit, Daniel Edwards, Jr., was caused to suffer severe damages, and to incur the following damages:

---

A.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

B.  Physical pain and suffering in the past;

C.  Mental anguish in the past,

D.  Mental anguish in the future; and

E.  Exemplary Damages.


## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Daniel Edwards, Sr., as Next Friend of Daniel Edwards, Jr. and Felicia Edwards, as Next Friend of Daniel Edwards, Jr., respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.


Respectfully submitted,

The Jackson Law Firm



By: _____
Ray Jackson
Texas Bar No. 00797754
Jackson Law Center

---

2989 N. Stemmons Freeway
Dallas, Texas  75247
Tel. (214) 651-6250
Fax. (214) 651-6244
Attorney for Plaintiffs
Daniel Edwards, Sr., and Felicia Edwards, as Next
Friend of Daniel Edwards, Jr.


**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**



**Exhibit C**

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL EDWARDS, SR., AND
FELICIA EDWARDS,
AS NEXT FRIEND OF DANIEL
EDWARDS, JR.

        Plaintiffs,

    v.

GREENHILL SCHOOL,

        Defendant.

CIVIL ACTION NO. _____

## DEFENDANT GREENHILL SCHOOL'S
## CERTIFICATE OF INTERESTED PERSONS

Defendant Greenhill School, pursuant to Local Rule 3.1(f) and Local Rule 81.1(a)(3)(D) and other applicable law, certifies to this Court that the following is a list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insureers, affiliates, parent or subsidiary corporations, or other legal entities who or which are financially interested in the outcome of the above captioned case:

1) Daniel Edwards, Sr.

2) Felicia Edwards

3) Daniel Edwards, Jr.

4) Greenhill School

5) Great American Insurance Company

6) GuideOne Insurance

**Certificate of Interested Persons – Page 1**

DATE:  January 14, 2009.

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP


By: _____
Robert B. Krakow
State Bar No. 11702000
Rkrakow@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

**ATTORNEYS FOR DEFENDANT
GREENHILL SCHOOL**



## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via Certified Mail,

Return Receipt Requested, on this 14th day of January, 2009, as follows:

Ray Jackson
Jackson Law Center
2989 N. Stemmons Freeway
Dallas, TX 75247
Telephone: (214) 651-6250
Facsimile: (214) 651-6244
ATTORNEY FOR PLAINTIFFS,
Daniel Edwards, Sr., and Felicia Edwards,
as Next Friend of Daniel Edwards, Jr.



**Exhibit D**

NO. 08-15524

| | |
|---|---|
| DANIEL EDWARDS, SR., AND FELICIA EDWARDS, AS NEXT FRIEND OF DANIEL EDWARDS, JR. | IN THE 160th JUDICIAL |
| Plaintiffs, | |
| v. | DISTRICT COURT OF |
| GREENHILL SCHOOL, | DALLAS COUNTY, TEXAS |
| Defendant. | |

## DEFENDANT GREENHILL SCHOOL'S NOTICE OF FILING FOR REMOVAL

Please take notice that Defendant Greenhill School has, under federal law, filed with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, its Notice of Removal, a copy of which is attached as Exhibit 1 to this document, and that this action is removed to the United States District Court for trial as of today, January 14, 2009. This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

DATE: January 14, 2009.

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP

By: _____
Robert B. Krakow
State Bar No. 11702000
Rkrakow@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

**ATTORNEYS FOR DEFENDANT GREENHILL SCHOOL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served via Certified Mail,

Return Receipt Requested, on this 14th day of January, 2009, as follows:

Ray Jackson
Jackson Law Center
2989 N. Stemmons Freeway
Dallas, TX 75247
Telephone:  (214) 651-6250
Facsimile:  (214) 651-6244
ATTORNEY FOR PLAINTIFFS,
Daniel Edwards, Sr., and Felicia Edwards,
as Next Friend of Daniel Edwards, Jr.

**Defendant Greenhill School's Notice of Filing for Removal – Page 2**

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL EDWARDS, SR., AND
FELICIA EDWARDS,
AS NEXT FRIEND OF DANIEL
EDWARDS, JR.

        Plaintiffs,

      v.

GREENHILL SCHOOL,

        Defendant.

CIVIL ACTION NO. _____

## DEFENDANT GREENHILL SCHOOL'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1443, and 1446, and in accordance with 28 U.S.C.

§ 1331, Defendant Greenhill School, by its attorneys, hereby removes to the United States

District Court for the Northern District of Texas, Dallas Division, the state court action described

below. Removal is based on the following grounds:

1.    On December 12, 2008, Daniel Edwards, Sr. and Felicia Edwards, as next friend

of Daniel Edwards, Jr., commenced an action via an Original Petition ("Petition") in the 160th

District Court of the State of Texas in and for the County of Dallas, against Greenhill School,

bearing No. 08-15524, and captioned *Daniel Edwards, Sr. and Felicia Edwards, as next friend of*

*Daniel Edwards, Jr., v. Greenhill School* (the "State Court Action").

2.    Greenhill School received a copy of the Petition on December 16, 2008. This

Notice of Removal is filed within thirty (30) days after receipt by Greenhill School of the

Petition as required by 28 U.S.C. § 1446(b).

3.    This is a civil action over which this Court has original jurisdiction under 28

U.S.C. § 1331, and is one which may be removed to this Court by Defendant under 28 U.S.C. §

**Defendant Greenhill School's Notice of Removal – Page 1**

1441(b) and (c) and 28 U.S.C. § 1443, because the Petition contains a claim founded on or right arising under the United States Constitution and laws of the United States and involving a law providing for equal rights.

4. Plaintiffs' Petition states, in relevant part, that "Defendant discriminated against Plaintiff in connection with his education or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of the equal opportunity to learn or adversely affect his status because of Plaintiff's race, color, and national origin," and that "Defendant discriminated against Plaintiff on the basis of race, color and national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff." Petition ¶ 12, 13.

5. 28 U.S.C. § 1331 provides original jurisdiction in the district courts of the United States for "all civil actions arising under the Constitution, laws, or treatise of the United States." 28 U.S.C. § 1331. The rights Plaintiffs attempt to invoke and enforce in their Petition – the right to equal protection of the laws and "federal-protected rights" – are rights created and guaranteed by the Fourteenth Amendment to the United States Constitution and federal statutes. Thus, because Plaintiffs' Petition is expressly and necessarily based on rights granted and guaranteed by the United States Constitution and federal statutes, jurisdiction is proper in this Court.

6. 28 U.S.C. § 1441(b) permits removal to federal district court of actions involving a federal question. Joinder of otherwise non-removable state law claims does not prohibit removal of the entire case to federal district court to determine all issues. 28 U.S.C. § 1441(c). Therefore, Plaintiffs' allegations of race-based discrimination and violation of federally protected rights present federal questions, and Plaintiffs' joinder of state law claims does not impede removal.

7.    28 U.S.C. § 1443 permits removal of civil actions "for any act under color of authority derived from any law providing for equal rights". Plaintiffs allege deprivation of "equal opportunity" to learn. Thus, the Petition asserts a cause of action arising out of a law providing for equal rights and is therefore subject to removal.

8.    True and correct copies of all process and pleadings served on Greenhill School are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a). Pursuant to Local Rule 81.1 of this Court, Exhibit B contains an index of all documents filed in the State Court Action, a copy of the docket sheet in the State Court Action, and a chronological, separately tabbed copy of each document filed in the State Court Action. A separately signed certificate of interested persons in compliance with Local Rule 3.1(f) is attached hereto as Exhibit C.

9.    A copy of the Notice of Filing for Removal is attached hereto as Exhibit D. Promptly after filing this Notice with the United States District Clerk, Greenhill School will file a copy of the attached Exhibit D with the 160th District Court of the State of Texas in and for the County of Dallas, and will serve that notice on Plaintiffs as required under 28 U.S.C. § 1446(d).

WHEREFORE, Greenhill School removes the State Court Action now pending in the 160th District Court in and for the County of Dallas from that state court to this Court.

DATE: January 14, 2009

 

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____

    Robert B. Krakow
    State Bar No. 11702000
    Rkrakow@gibsondunn.com
    2100 McKinney Avenue, Suite 1100
    Dallas, Texas 75201
    Telephone: (214) 698-3100
    Facsimile: (214) 571-2900
    **ATTORNEYS FOR DEFENDANT**
    **GREENHILL SCHOOL**



## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served by Certified Mail,

Return Receipt Requested, on this 14th day of January, 2009, as follows:

Ray Jackson
Jackson Law Center
2989 N. Stemmons Freeway
Dallas, TX 75247
Telephone:  (214) 651-6250
Facsimile:  (214) 651-6244
ATTORNEY FOR PLAINTIFFS,
Daniel Edwards, Sr., and Felicia Edwards,
as Next Friend of Daniel Edwards, Jr.

_____

RECEIVED

JAN 1 4 2009

CLERK, U.S. DISTRICT COURT
~~DISTRICT OF TEXAS~~

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

*ORIGINAL*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**Daniel Edwards**

## DEFENDANTS

3:09CV0085-N

**Greenhill School**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ray Jackson
Jackson Law Center
2989 N. Stemmons Freeway, Dallas, TX 75247
(214) 651-6250

ATTORNEYS (IF KNOWN)
Robert B. Krakow
Gibson Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100, Dallas, TX 75201
(214) 698-3100

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §§ 1441, 1443 -Petition alleging civil rights violations premised on race based discrimination removed from state court.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE  1/14/09

SIGNATURE OF ATTORNEY OF RECORD  *Robert B. Krakow*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL

**United States District Court**
**Northern District of Texas**



**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

**3-09CV0085-N**

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office. Additional sheets may be used as necessary.

1.    **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

| <u>Court</u> | <u>Case Number</u> |
|---|---|
| 160th Civil District Court of Dallas County, TX | 08-15524 |

2.    **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
party type. Also, please list the attorney(s) of record for each party named and include their
bar number, firm name, correct mailing address, and phone number (including area code.)

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| Plaintiffs:  Daniel Edwards, Sr., and Felecia Edwards, as next friend of Daniel Edwards, Jr. | Ray Jackson<br>Jackson Law Center<br>2989 N. Stemmons Freeway<br>Dallas, TX 75247<br>(214) 651-6250<br>TX Bar No.: 00797754 |

Defendant: **SEE ATTACHED**

3.    **Jury Demand:**

Was a Jury Demand made in State Court?        X Yes        • No

If "*Yes*," by which party and on what date?

  Plaintiffs                                    December 12, 2008
Party                                           Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.  **Answer:**

    Was an Answer made in State Court?           ✗ Yes        • No

        If "*Yes*," by which party and on what date?

        _Defendant_____          January 9, 2009
        Party                                    Date


5.  **Unserved Parties:**

    The following parties have not been served at the time this case was removed:

    | Party | Reason(s) for No Service |
    |-------|--------------------------|
    | N/A   |                          |


6.  **Nonsuited, Dismissed or Terminated Parties:**

    Please indicate any changes from the style on the State Court papers and the reason for that change:

    | Party | Reason |
    |-------|--------|
    | N/A   |        |


7.  **Claims of the Parties:**

    The filing party submits the following summary of the remaining claims of each party in this litigation:

    | Party | Claim(s) |
    |-------|----------|
    | Plaintiffs | Plaintiffs' claims include: race based discrimination in violation of federally protected rights; intentional infliction of emotional distress; assault; battery, and; negligent hiring, retention and supervision. |

Supplemental Civil Cover Sheet
Page 3

**Counsel for Defendant, Greenhill School**
GIBSON, DUNN & CRUTCHER LLP
Robert B. Krakow
State Bar No. 11702000
Rkrakow@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900